RANNBURY-KOBEE CORPORATION, a NORTH CAROLINA CORPORATION v. MILLER MACHINE COMPANY, INC., a NORTH CAROLINA CORPORATION

No. 8022SC327

(Filed 4 November 1980)

1. Trial § 10.3– declaration that witness is expert – presence of jury – expression of opinion

In the trial of plaintiff's action to recover damages for defendant's alleged breach of contract in the design and manufacture of a wrapping machine and defendant's action against plaintiff to recover the balance due for the wrapping machine, the trial court's declaration in the presence of the jury that defendant's president and chief witness was "an expert in the field of machine design" constituted an expression of opinion on the credibility of the witness in violation of G.S. 1A-1, Rule 51(a).

2. Damages § 16.3– loss of profits – insufficient evidence

In an action to recover damages for defendant's alleged breach of contract in the design and manufacture of a wrapping machine, evidence that plaintiff had to withdraw bids because of late delivery and defects in the machine would not support a claim for lost profits, since plaintiff would have to show that it was unable to perform actual contracts because of the late delivery and defects in order to support its claim.

APPEAL by plaintiff from *Walker (Hal H.), Judge.* Judgment entered 16 November 1979 in Superior Court, IREDELL County. Heard in the Court of Appeals on 7 October 1980.

The plaintiff seeks to recover damages from defendant for breach of contract, alleging defects in the design and manufacture of a "universal wrapping machine" which defendant agreed to make for an estimated price of $3,500.00 and to deliver by 1 September 1978. Plaintiff alleges that defendant charged plaintiff a total of $7,495.61 for the machine and did not make delivery until 21 September 1978. Plaintiff filed his action in District Court. The defendant thereafter instituted action in Superior Court alleging plaintiff breached the contract by failing to pay $5,495.61 of the $7,495.61 purchase price. The cases were consolidated for trial in Superior Court.

Plaintiff's evidence at trial tended to show: That the machine had been inoperable when delivered because the moving parts were galling and freezing; that the machine was put in good working order at a cost to plaintiff of $1,624.27; that the estimated cost of $3,500.00 was a variable figure, but that de-

fendant had never given any indication until he delivered the machine that the cost would exceed twice the estimate; and that plaintiff had paid $2,000.00 to the defendant during the construction of the machine, which defendant had credited against its bill for $7,495.61.

Defendant's evidence tended to show: That defendant notified plaintiff during the construction of the machine that they were incurring increased costs for labor and materials; that the machine operated smoothly when tested by defendant prior to delivery to plaintiff; and that plaintiff voiced satisfaction with the machine on 19 September after witnessing a test of the machine at the defendant's machine shop and requested delivery.

The jury answered the issues against the plaintiff and returned a verdict for the defendant in the amount of $5,224.89.

*Pope, McMillan, Gourley & Kutteh by William H. McMillan for plaintiff appellant.*

*McElwee, Hall, McElwee & Cannon by E. Bedford Cannon; and R.A. Collier, Sr., for defendant appellee.*

CLARK, Judge.

[1] At the trial Claude Miller, President of defendant corporation, was the principal witness for the defense. After extensive questioning about his training and experience, he was offered as an expert in the field of machine design. The trial judge twice made the following statement in the presence of the jury: "The court finds [Miller] is an expert in the field of machine design." Plaintiff assigns this statement as reversible error in that it expressed the judge's opinion as to the credibility of the witness. We agree with plaintiff.

In *Galloway v. Lawrence*, 266 N.C. 245, 145 S.E. 2d 861 (1966), our Supreme Court was presented with a similar situation. The defendant in *Galloway* was a physician being sued for malpractice. He was tendered as a medical expert to testify in his own defense and the judge, in the presence of the jury, said: "Let the record show that the court finds as a fact that Dr. Lawrence is a medical expert, to-wit: an expert physician in surgery." *Id.* at 250, 145 S.E. 2d at 866. The court, per Justice Lake, found reversible error, stating:

"The ruling should have been put into the record in the absence of the jury for it was an expression of opinion by the court with reference to the professional qualifications of the defendant. It might well have affected the jury in reaching its decision that the child was not injured by the negligence of the defendant. There was no error in permitting the defendant to testify as an expert witness .... The court's finding should not, however, have been stated in the presence of the jury."

*Id.* The court held such an expression in the presence of the jury to be in violation of G.S. 1-180 (now G.S. 1A-1, Rule 51(a), N.C. Rules Civ. P.) which prohibits the trial judge from expressing an opinion on the weight to be given to particular evidence.

We believe the rationale in *Galloway* applies equally in the instant case. Just as in *Galloway,* the ultimate issue in the case *sub judice* is controlled by whether the defendant used requisite skill and care in performing a task. In *Galloway* the task was in the nature of medical treatment; in the instant case the task was in the area of machine design and manufacture; but in both cases

"comments by the able and learned trial judge ... dealt with the very questions which the jury was called upon to decide and were clearly prejudicial to the plaintiffs. The professional ability and skill of the defendant ... are questions for the jury, not for this Court or for the judge presiding at the trial."

*Id.* at 251, 145 S.E. 2d at 866.

Defendant asserts that *Galloway* is inapplicable to this case because Miller is not a party to the action. The record establishes the following:

(1) Miller was the president of the Miller Machine Company, Inc.

(2) Miller negotiated the contract with plaintiff Rannbury-Kobee.

(3) Miller designed the machine according to plaintiff's specifications.

(4) The actual work on the machine was supervised by Miller.

(5) Miller tested the machine.

(6) Miller told plaintiff of the cost overruns.

(7) Miller delivered the machine.

(8) Miller billed the plaintiff for the machine.

Further, Miller was never asked a hypothetical question or examined on any matter calling for an expert opinion, but testified only to things he had personally seen and heard in his dealings with plaintiff. The absence of a need to qualify Miller as an expert witness makes defendant's motive questionable and aggravates the harm to plaintiff in having the principal opposition witness declared an expert machinist in the presence of the jury. Under these circumstances we find that the declaration of the court in the presence of the jury that Miller was an expert constituted an expression of opinion on the credibility of the witness in violation of G.S. 1A-1, Rule 51(a).

[2] The foregoing reversible error requires a new trial but discussion of plaintiff's argument that the trial court erred in refusing to admit evidence tending to show plaintiff's loss of business profits may be beneficial upon retrial. We find no error on the record before us; however, the ruling of the trial court would not be controlling on retrial if the plaintiff offers evidence of lost profits which meet the required standard of reliability.

Lost profits are a legitimate element of damages for breach of contract.

> " 'If a regular and established business is wrongfully interrupted, damage thereto can be shown by proving the usual profits for a reasonable time anterior to the wrong complained of.' "

*Steffan v. Meiselman,* 223 N.C. 154, 159, 25 S.E. 2d 626, 629 (1943). Here, however, plaintiff has no regularly established pattern of business profits upon which to base its claim for lost profits. Lacking such, the claim becomes more difficult to prove.

Plaintiff may base its claim for lost profits upon other factors, but these factors must be equally as reliable as a proven record of profits and may not involve conjecture or speculation. *Id.* at 159, 25 S.E. 2d at 630. One such method of establishing lost profits would appear to be to show contracts which the plaintiff had entered into, which it was unable to perform because of late delivery and defects in the wrapping machine. Plaintiff's evidence (offered out of the presence of the jury) was to the effect that it had to withdraw *bids* because the machine was not operational. There was no evidence that any bid by plaintiff was ever accepted, although plaintiff's president testified that he believed the bids would have been accepted had plaintiff been capable of performing. By the time plaintiff finally entered into a firm contract with a customer, the wrapping machine was fully operational.

We do agree with the trial judge that the foregoing evidence failed to make out with sufficient certainty the plaintiff's loss of profits due to the delay in its commencement of operations.

Other assignments of error are not discussed since they are not likely to recur upon retrial.

Reversed and Remanded.

Judges WEBB and WHICHARD concur.